**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————

**CYTHIA YADIRA OROBIO BANCHON, ON**
**BEHALF OF DAYANNA JOSELINE AVILA**          **25-cv-8162 (JGK)**
**DUCHI AS NEXT OF FRIEND,**

               **Petitioner,**          **MEMORANDUM OPINION**
                             **AND ORDER**

       **- against -**

**LADEON FRANCIS & KRISTI NOEM,**
                  **Respondents.**

————————————————————————

**JOHN G. KOELTL, District Judge:**

On September 30, 2025, Cythia Yadria Orobio Banchon as a friend to the petitioner, Dayanna Joseline Avila Duchi ("Avila Duchi"), filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of the petitioner's detention by Immigration and Customs Enforcement ("ICE") and seeking the petitioner's immediate release from ICE custody. See Pet. for a Writ of Habeas Corpus ("Pet."), ECF No. 1. The petitioner alleges that she was taken into ICE custody at the New York City Immigration Court while appearing for a scheduled hearing on September 30, 2025. Id. at 2. For the reasons explained below, the petition is **denied as moot.**

## I.

Avila Duchi is a native and citizen of Ecuador. Charles Decl. ¶ 3, ECF No. 8; Notice to Appear ("NTA") 1, ECF No. 9-2. On March 27, 2024, she entered the United States by crossing the border near El Paso, Texas. Charles Decl. ¶ 4; NTA 1, ECF No. 9-

2. That same day, U.S. Customs and Border Protection ("CBP") arrested her for lacking valid entry documents. Charles Decl. ¶ 5; Form I-213 at 3, ECF No. 9-5. On March 27, 2024, Avila Duchi was released on her own recognizance. Charles Decl. ¶ 6; Form I-213 at 3.

On September 30, 2025, Avila Duchi appeared pro se for her first master calendar hearing before an Immigration Judge in New York City, and the Immigration Judge adjourned the case to October 27, 2026. Charles Decl. ¶ 7. After the hearing, ICE agents arrested and detained her. Id. ¶ 8. That same day, her friend, Cynthia Yadira Orobio Banchon, filed this petition on her behalf. ECF No. 1.

On October 1, 2025, the petitioner was transferred to the Richwood Correctional Center in Monroe, Louisiana, where she remains today. Charles Decl. ¶ 9.

While the petition was pending, on November 18, 2025, Avila Duchi appeared pro se for a third master calendar hearing and requested voluntary departure. Charles Decl. ¶ 12. The Immigration Judge granted voluntary departure under safeguard – namely, requiring that Avila Duchi remain in ICE custody until her departure to Ecuador – and directed her to depart on or before January 16, 2026. Order of the Immigration Judge 1, ECF No. 9-8; Charles Decl. ¶ 16.

2

The Government filed its opposition to Avila Duchi's petition on December 2, 2025. Mem. of L. in Opp'n ("Opp'n Mem."), ECF No. 10. Avila Duchi did not file a reply within the time set by the Court.

**II.**

The petition argues that Avila Duchi's detention violates her statutory and constitutional rights. See Pet. 6-7.

This Court has already concluded in Romero Perez v. Francis, No. 25-cv-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025), Wang v. Genalo, No. 25-cv-9460, 2025 WL 3471222 (S.D.N.Y. Dec. 3, 2025), and Barbakadze v. Flanagan, No. 25-cv-10182, 2025 WL 3719620 (S.D.N.Y. Dec. 23, 2025) that 8 U.S.C. § 1226(a) – not § 1225(b)(2)(A) – governs the detention of individuals arrested within the United States under circumstances materially similar to those presented here. See Romero Perez, 2025 WL 3110459, at *2-3; Wang, 2025 WL 3471222, at *1; Barbakadze, 2025 WL 3719620, at *1. Because the circumstances here parallel those in Romero Perez, Wang, and Barbakadze, Avila Duchi's detention is governed by § 1226(a). Avila Duchi is required to exhaust her administrative remedies, and the Government, in turn, is required to provide a prompt detention hearing, at which the Government bears the burden of showing, by clear and convincing evidence, that Avila Duchi is a danger to the community or a risk of flight. See, e.g., Romero Perez, 2025 WL 3110459, at *3.

3

In this case, however, Avila Duchi requested voluntary departure, and the Immigration Judge granted that request, directing her to depart from the United States on or before January 16, 2026, and ordered her to remain in ICE custody until departure. Order of the Immigration Judge 1, ECF No. 9-8. The Government argues that the petition is therefore moot. Opp'n Mem. 4. Neither Avila Duchi nor her friend has argued otherwise or submitted any response to the Government's position. Indeed, any order from the Court at this point ordering a detention hearing would be counterproductive and jeopardize Avila Duchi's agreement to voluntarily depart from the United States by January 16, 2026.

## CONCLUSION

The petition for a writ of habeas corpus is **denied as moot.** The prior injunction against removal of the petitioner from the United States, ECF No. 4, is vacated.

The Clerk is directed to close all pending motions in this case.

SO ORDERED.
Dated:    New York, New York
          January 8, 2026

John G. Koeltl
United States District Judge

4